23CA2045 Peo v Leon-Caballero 10-17-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA2045
Arapahoe County District Court No. 17CR3556
Honorable Eric B. White, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Miguel Angel Leon-Caballero,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE HAWTHORNE*
Welling and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 17, 2024

---

Philip J. Weiser, Attorney General, Grant R. Fevurly, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Robin M. Lerg, Alternate Defense Counsel, Montrose, Colorado for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Miguel Angel Leon-Caballero, appeals the trial court's order denying his Motion for Reconsideration of Sentence Under Crim. P. 35(b).  We affirm.

¶ 2    A jury convicted Leon-Caballero of aggravated robbery, second degree assault, second degree aggravated motor vehicle theft, and criminal mischief.  The trial court imposed prison sentences of twenty years on the aggravated robbery count, a concurrent sixteen years on the assault count, a consecutive three years on the motor vehicle theft count, and a consecutive three years on the criminal mischief count.  A division of this court affirmed the judgment of conviction and remanded the case to the district court to correct the mittimus.  *See People v. Leon-Caballero*, (Colo. App. No. 19CA1658, Sept. 29, 2022) (not published pursuant to C.A.R. 35(e)).

¶ 3    Later, Leon-Caballero filed his Crim. P. 35(b) motion and a supporting "Social History Report."  In it, he detailed his troubled upbringing, his alcohol and drug use, his mental health issues before the underlying incident, and his worsening mental health condition after incarceration.  While incarcerated, Leon-Caballero has held jobs as a kitchen worker, a dishwasher, a porter, and a floor shiner.  He also represented that he has supportive family

1

members and that, upon his prison release, he would like to open a barber shop and start a family with his wife.

¶4 In its order denying the motion without a hearing, the postconviction court stated that it reviewed the court file, the motion, the details of the Social History Report, and the applicable legal authority. The court noted that Leon-Caballero was serving an aggregate twenty-six-year prison sentence but could have received a prison sentence of up to thirty-two years on the robbery conviction alone. The court also acknowledged that the information contained in Leon-Caballero's motion and Social History Report, on which Leon-Caballero "relie[d] almost entirely," was included in the Adult Presentence Report (PSR) that was available to the court at the time of sentencing. Finally, the court noted that the PSR reflected Leon-Caballero's "belief that '[p]rison makes [him] stronger, physically and mentally'" and that, at the age of twenty-three, Leon-Caballero "had three prior adjudications as a juvenile delinquent for [c]onspiracy to [p]ossess a [c]ontrolled [s]ubstance, [r]obbery, and [a]ggravated [r]obbery" and "one prior felony conviction for [e]scape."

¶5 The postconviction court then determined that, based on the following findings, the original sentences remained proper:

Having thus considered both the old and new information available to it, the [c]ourt concludes that there is little that [Leon-Caballero] has presented that would change its mind as to the propriety of the sentences previously imposed. The [c]ourt was aware of [Leon-Caballero's] background, albeit in a more abbreviated form, when it sentenced him in 2019. Although it appears that the intervening years have colored [Leon-Caballero's] perception of the value of incarceration and that he has a hope for a life once out of custody, his violent actions on the night of the incident at issue and his delinquent and criminal history justify the [c]ourt's original concerns about recidivism and community safety.

¶ 6 Crim. P. 35(b) authorizes a trial court to review a sentence to ensure that it is proper before making it final. *People v. Dunlap*, 36 P.3d 778, 780 (Colo. 2001). "The court may, after considering the motion and supporting documents, if any, deny the motion without a hearing." Crim. P. 35(b).

¶ 7 "Any decision to reduce a sentence based on a Crim. P. 35(b) motion remains within the sound discretion of the trial court." *Dunlap*, 36 P.3d at 780. A trial court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair. *People v. Vigil*, 2024 COA 72, ¶ 19.

¶ 8     In resolving a Crim. P. 35(b) motion, a trial court must

"consider all relevant and material factors, including new evidence

as well as facts known at the time the original sentence was

pronounced." *People v. Busch*, 835 P.2d 582, 583 (Colo. App.

1992).  A court is not required to make factual findings but should

"provide a statement of the basic reasons in support of its ruling"

on a Crim. P. 35(b) motion.  *People v. Olivas*, 911 P.2d 675, 677

(Colo. App. 1995).  "Only if the trial court has refused to consider

*any* information in mitigation and fails to make findings in support

of its decision is there a failure by the trial court to exercise its

judicial discretion."  *Busch*, 835 P.2d at 583.

¶ 9     Based on the record, we conclude that the postconviction

court did not abuse its discretion because its ruling denying Leon-

Caballero's Crim. P. 35(b) motion is not manifestly arbitrary,

unreasonable, or unfair.  *See Dunlap*, 36 P.3d at 783 (affirming the

court's order denying the defendant's Crim. P. 35(b) motion because

it "adequately demonstrate[d] that the trial judge considered the

mitigating factors presented in the motion and determined that they

did not warrant a sentence reduction," and, thus, the court

sufficiently explained its reasoning); *People v. Barnett*, 2020 COA

167, ¶ 33 (affirming the court's order denying the defendant's Crim. P. 35(b) motion because it "noted that [the court] had reviewed the motion, concluding that 'the court is well familiar with this case and finds that the original sentence imposed is appropriate to the circumstances of this case'" and, "[i]n doing so, the court provided its 'basic reasons in support of its ruling'"); *Olivas*, 911 P.2d at 677 (affirming the order denying a Crim. P. 35(b) motion because the court, in its order, "noted the matters it considered prior to the denial of the defendant's motion" and provided an adequately detailed statement for its denial); *see also People v. Morrow*, 591 P.2d 1026, 1028 (Colo. 1979) (relevant factors in a sentence reconsideration proceeding include the underlying crime's nature and the defendant's prior criminal history).

¶ 10 Contrary to Leon-Caballero's assertion, we are convinced that the postconviction court sufficiently detailed in its order its basic reasons for denying the Crim. P. 35(b) motion. *See Dunlap*, 36 P.3d at 782; *see also Barnett*, ¶¶ 33, 35-36 ("We will neither fault the court for its short order nor construe such brevity as a failure to exercise discretion in its denial of [the defendant's] Crim. P. 35(b) motion.").

¶ 11    The order is affirmed.

JUDGE WELLING and JUDGE BROWN concur.